U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 25 2009
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RYAN BRADLEY SHIELD,<br>Petitioner, | § § § | |
| v. | § | Civil Action No. 4:08-CV-640-Y |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Ryan Bradley Shield, TDCJ # 1294594, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On March 15, 2005, pursuant to Shield's plea of guilty to attempted sexual assault with a

deadly weapon, a jury assessed his punishment at twenty years' confinement in cause no. CR04-0333 in the 43rd Judicial District Court of Parker County, Texas. (Clerk's R. at 82) The Second District Court of Appeals of Texas affirmed the trial court's judgment on August 10, 2006. *Shield v. Texas*, No. 2-05-098-CR, slip op. (Tex. App.–Fort Worth Aug. 10, 2006, no pet.) (not designated for publication). Shield did not file a petition for discretionary review. (Petition at 3)

Shield filed a prior federal petition for writ of habeas corpus challenging his conviction on May 29, 2007, which was dismissed without prejudice on exhaustion grounds on October 25, 2007. *Shield v. Quarterman*, Civil Action No. 4:07-393-Y. On January 8, 2008, Shield filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on September 24, 2008. *Ex parte Shield*, Application No. WR-69,316-01, at cover. Shield filed this second federal petition for writ of habeas corpus challenging the same conviction on October 6, 2008. Quarterman has filed a motion to dismiss the petition as time-barred.

## D. STATUTE OF LIMITATIONS

Quarterman argues that Shield's petition should be dismissed with prejudice because his petition is barred by the federal statute of limitations. (Resp't Mtn to Dismiss at 5-10) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Shield's conviction became final and the one-year limitations period began upon expiration of the time Shield had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on November 10, 2006, and closed on November 10, 2007, absent any tolling.[1] See Tex. R. App. P. 68.2(a); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Shield's state habeas application, filed on January 8, 2008, after limitations had already expired, does not operate to toll the limitations period under the statutory tolling provision. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Nor does his prior federal petition for habeas corpus operate to toll the limitations period under the statutory tolling provision. Duncan v. Walker,

---

[1] Shield was granted an extension of time within which to file a petition for discretionary review by the Texas Court of Criminal Appeals, but he did not file such a petition.

3

533 U.S. 167, 180 (2001).

Shield concedes his petition is untimely but contends he is entitled to tolling as a matter of equity due to his lack of legal training and difficulty obtaining state court records. (Pet'r Reply at 3-7) Equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Shield's pro se status and his difficulty obtaining state records do not support equitable tolling of the federal statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). These are common problems among inmates who are trying to pursue postconviction habeas relief, and, thus, do not present exceptional circumstances that warrant equitable tolling. *Id.*

Shield also contends he is entitled to equitable tolling during the pendency of his prior federal petition because he has acted promptly in pursuing postconviction habeas relief and because of the Court's failure to dismiss the petition in a timelier manner or, given it was close to the end of the one-year period, to hold the petition in abeyance while he exhausted his state court remedies. However, the exhaustion question was resolved by the Court in due course. Furthermore, stay and abeyance should be used only in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when a federal court determines there was good cause for a petitioner's failure to exhaust his claims first in state court. *Id.* Having reviewed the pertinent pleadings and state court record, Shield has not demonstrated good cause excusing his failure to exhaust his state court remedies first before filing his prior federal petition.

Shield's petition was due on or before November 10, 2007. Accordingly, his petition filed

4

on October 6, 2008, is untimely.

## II. RECOMMENDATION

Shield's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 15, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 15, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 25, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE